IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-428-D |
| ) | |
| DEWAYNE JONES-LUSK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(o) as Applied [Doc. No. 27]. Defendant argues that modified fully automatic Glocks (or "Glock switches") are protected bearable arms under the Second Amendment of the United States Constitution. For that reason, Defendant argues 18 U.S.C. § 922(o) is unconstitutional as applied to his indictment.

For the reasons set forth below, the motion is denied.

### Background

Defendant was indicted for possession of a "Glock…modified with a machinegun conversion device" in violation of 18 U.S.C. 922(o) [*see* Doc. No. 1].

Section 922(o) criminalizes the transfer or possession of a "machinegun." A "machinegun" is a defined term. It includes "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b). Such weapons include

1

"any part designed and intended solely and exclusively…for use in converting a weapon into a machinegun." 26 U.S.C. 5845(b).

Defendant does not dispute that the possession of a Glock switch is prohibited by the statute. He argues only that the statute is unconstitutional as applied to said weapons.

## Analysis[1]

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

To ascertain the constitutionality of a law "burdening an individual's exercise of the Second Amendment, [courts in this circuit] apply a two-part burden-shifting framework first established in *Bruen* and later clarified in *Rahimi*." *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 113 (10th Cir. 2024).

1. *Textual Analysis*

"At step one, the [challenger] is tasked with establishing that the Second Amendment's explicit text, 'as informed by history,' encompasses the conduct they seek to engage in." *Id*. (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022)). 17). Courts "ask (1) whether the challenger is part of 'the people' whom the

---

[1] As a preliminary matter, the Court agrees with Defendant that the motion is appropriate for consideration under Fed. R. Crim. P. 12(b)(1). Under Rule 12(b)(1), a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Because Defendant raises a purely legal objection, a trial is unnecessary to determine this issue. *See also United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (stating a Rule 12 motion is appropriate where "the operative facts are undisputed" and the motion can be decided as a matter of law.).

Second Amendment protects, (2) whether the item at issue is an 'arm' that is in common use today for self-defense, and (3) whether the proposed course of conduct falls within the Second Amendment." *Id*. (citations omitted). "If not, the inquiry ends: self-evidently, if the people, weapons, or conduct at issue are outside the Second Amendment's protection, then the government may regulate them without infringing upon the Second Amendment." *Id*.

Defendant does not attempt to argue that a machinegun, or a Glock switch, is a protected 'arm' in common use today for self-defense. Indeed, in his brief, Defendant states "As long as *Rocky Mountain Gun Owner's* framing of the *Bruen* standard stands, Mr. Jones-Lusk cannot win his motion at this juncture" [Doc. No. 27 at 3].

Defendant instead contends this Court should not follow *Rocky Mountain*, because he argues that it is based upon circular reasoning. Citing the Seventh Circuit, he writes "it would be absurd to say that the reason why a particular weapon can be banned is that there is a statute banning it, so that it isn't commonly owned. A law's existence can't be the source of its own constitutional validity." *Friedman v. City of Highland Park, Illinois*, 784 F.3d 406, 409 (7th Cir. 2015). Defendant further cites *United States v. Morgan*, No. 23-10047-JWB, 2024 WL 3936767 (D. Kan. Aug. 26, 2024), where Judge Broomes of the District of Kansas ruled machineguns were protected bearable arms within the context of the Second Amendment.

Judge Broomes ruled in *Morgan* before *Rocky Mountain* was decided. *Rocky Mountain* is binding precedent that this Court is not free to ignore. Moreover, as the Tenth Circuit explained, "the Second Amendment does not extend to weapons rarely used or possessed by law-abiding citizens, such as short-barreled shotguns, [citing *Heller*], or those

3

adapted for unlawful uses, for instance sawed-off shotguns." *Rocky Mountain*, 121 F.4th at 116-17. The Second Amendment protects the right to carry "common…weapons but not dangerous and unusual ones." *Id.* at 117. *See also District of Columbia v. Heller*, 554 U.S. 570, 624 (2008) (explaining that it would have been "startling" to hold that laws regulating the possession of "machine guns…might be unconstitutional"); *Staples v. United States*, 511 U.S. 600, 611 (1994) (analogizing sawed-off shotguns, artillery pieces, and machineguns to hand grenades and classifying all as members of a "quasi-suspect class" subject to regulation). Indeed, as the above-cited Supreme Court cases make clear, what makes a firearm protected by the Second Amendment is not only that it is "bearable" in the sense that it can be carried, but also that it is has obtained a measure of common use for a lawful purpose.

2. *Historic Principles*

If a challenger meets their burden at the first step, "the burden then shifts to the government to justify its regulation by demonstrating that it is 'consistent with the principles that underpin our' Nation's historical tradition of firearm regulation." *Rocky Mountain*, 121 F.4th at 113 (quoting *United States v. Rahimi*, 602 U.S. 680, 692 (2024)). Having decided that the challenger has not met his burden at the first step, the Court has no need to analyze the second. *See United States v. McCane*, 573 F.3d 1037, 1050 (10th Cir. 2009) (Tymkovich, J., concurring) ("[T]he existence of on-point dicta regarding various regulations short-circuits at least some of the analysis and refinement that would otherwise take place in the lower courts.").

4

5

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment Based on the Unconstitutionality of 18 U.S.C. § 922(o) as Applied [Doc. No. 27] is **DENIED**.

**IT IS SO ORDERED** this 7th day of January, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge